J-A11012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DINA CASTALDI, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| LIGHT ACADIA 11-89, LLC, GRASS WORKS LANDSCAPE MANAGEMENT, INC., SNOW MANAGEMENT, INC., | |
| Appellees | No. 1441 MDA 2016 |

Appeal from the Order Entered August 3, 2016
In the Court of Common Pleas of Lackawanna County
Civil Division at No(s): 13 CV 6327

BEFORE:  SHOGAN and MOULTON, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY SHOGAN, J.:                    **FILED JULY 24, 2017**

Appellant, Dina Castaldi ("Castaldi"), appeals from the order entered on August 3, 2016, in the Lackawanna County Court of Common Pleas that granted summary judgment in favor of Appellees, Light Acadia 11-89, LLC ("Light Acadia"), and Grass Works Landscape Management, Inc. and Snow Management, Inc. (collectively "Grass Works").  We affirm.

The facts underlying this case were set forth by the trial court as follows:

> [Castaldi] initiated this action after sustaining injuries from a slip and fall incident which occurred on January 17, 2012 at

---

[*] Former Justice specially assigned to the Superior Court.

3370 Birney Avenue, Moosic, Pennsylvania, 18507. Located at 3370 is a shopping center owned by [Light Acadia]. At that time, [Castaldi] was a registered student at Empire Beauty School in Moosic, Pennsylvania. Empire Beauty School operates a site within the shopping center owned by … Light Acadia. [Castaldi] contends that because of this she was a business invitee on the premises owned by … Light Acadia. [Castaldi] parked her car in a spot within the shopping center at approximately 9:00 a.m. on the morning of January 17, 2012. As she walked across the parking lot [Castaldi] slipped and fell on an alleged patch of ice in the parking lot. As a result of this fall, [Castaldi] sustained injuries which she claims are a result of negligence [by] Light Acadia. Light Acadia filed a Motion for Summary Judgment on April 25, 2016. Oral argument on the motion took place before the Honorable Senior Judge Peter O'Brien on July 6, 2016.

At the time of the incident in question, [Grass Works was] retained to perform all ice and snow removal on the premises and make sure the premises was kept in a safe manner for pedestrians. Since snow and ice removal fell within the job description of Grass [W]orks, [Castaldi] alleges her sustained injuries were a result of negligence on the part of Grass Works. Grass Works filed a Motion for Summary Judgment on April 13, 2016. Oral [argument] on the motion took place before the Honorable Senior Judge Peter O'Brien on July 6, 2016.

Trial Court Opinion, 8/3/16, at 1-2.

On August 3, 2016, the trial court granted summary judgment in favor of Light Acadia and Grass Works, with prejudice. Castaldi filed a timely notice of appeal on August 31, 2016. The trial court did not order Castaldi to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

On appeal, Castaldi presents the following issues:

1. Whether the trial court erred in granting summary judgment to … Light Acadia and Grass Works where genuine issues of material fact exist as to whether the condition causing [Castaldi's] fall was entirely natural, thereby implicating whether

the hills and ridges doctrine applies in this case, and where genuine issues of material fact exist as to whether snow and ice were permitted to remain in the parking lot for such time as to allow hills and ridges to develop?

2. Whether the trial court erred in granting summary judgment to … Light Acadia where genuine issues of material fact exist as to an out of possession landlord still being liable for injuries sustained on the premises?

Castaldi's Brief at 5-6.

In reviewing an appeal from an order granting summary judgment, we are guided by the following well-established principles:

> Our scope of review of an order granting summary judgment is plenary. We apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. ***Chenot v. A.P. Green Services, Inc.***, 895 A.2d 55, 60-61 (Pa. Super. 2006) (citation omitted).
>
> Motions for summary judgment implicate the plaintiff's proof of the elements of his cause of action. ***Chenot***, 895 A.2d at 61 (citation omitted). Summary judgment is proper "if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. 1035.2(2). In other words, "whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report," Pa.R.C.P. 1035.2(1), and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Thus, a record that supports summary judgment either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a prima facie cause of action or defense. ***Chenot***, 895 A.2d at 61.

When reviewing a grant of summary judgment, we are not bound by the trial court's conclusions of law, but may reach our own conclusions. *Id*. We will disturb the trial court's order only upon an error of law or an abuse of discretion. "Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration." *Chenot*, 895 A.2d at 61 (citation omitted). Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law, exercises its discretion in a manner lacking reason, or does not follow legal procedure. *Id*. (citation omitted).

Where the discretion exercised by the trial court is challenged on appeal, the party bringing the challenge bears a heavy burden. It is not sufficient to persuade the appellate court that it might have reached a different conclusion if charged with the duty imposed on the court below; it is necessary to go further and show an abuse of the discretionary power. *Chenot*, 895 A.2d at 61 (citation omitted). An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused. *Id*. at 61-62 (citation omitted).

*Continental Casualty Company v. Pro Machine*, 916 A.2d 1111, 1115-1116 (Pa. Super. 2007).

After a careful review of the parties' arguments, the certified record, and applicable legal authority, we are satisfied that the trial court's opinion comprehensively discusses and properly disposes of the questions presented. Accordingly, we affirm the August 3, 2016 order on the basis of

the trial court's August 3, 2016 opinion.[1]  The parties are directed to attach copies of that opinion in the event of future proceedings.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/24/2017

_____

[1] We note a typo in the trial court opinion.  On page 8, the trial court states that "Grass Works has submitted certified weather records showing an ongoing weather event in the area of the shopping center from the night of January 16, 2012 through the morning of January 17, 20**17**."  Trial Court Opinion, 8/3/16, at 8 (emphasis added).  We are satisfied that the trial court intended "January 17, 2017" to read "January 17, 2012," which was the morning of Castaldi's fall.

DINA CASTALDI : IN THE COURT OF COMMON PLEAS
OF LACKAWANNA COUNTY

Plaintiff :

v. :

CIVIL ACTION :

LIGHT ACADIA 11-89, LLC, and :
GRASS WORKS LANDSCAPE
MANAGEMENT, INC. : 2013 CV 6327

Defendants :

---

## MEMORANDUM

---

## STATEMENT OF THE FACTS

The Plaintiff in the present matter, Dina Castaldi, initiated this action after sustaining injuries from a slip and fall incident which occurred on January 17, 2012 at 3370 Birney Avenue, Moosic, Pennsylvania, 18507. Located at 3370 is a shopping center owned by Defendant Light Acadia (hereinafter Light Acadia). At that time, Plaintiff was a registered student at Empire Beauty School in Moosic, Pennsylvania. Empire Beauty School operates a site within the shopping center owned by Defendant Light Acadia. Plaintiff contends that because of this she was a business invitee on the premises owned by the Light Acadia. The Plaintiff parked her car in a spot within the shopping center at approximately 9:00 a.m. on the morning of January 17, 2012. As she walked across the parking lot the Plaintiff slipped and fell on an alleged patch of ice in the parking lot. As a result of this fall, the Plaintiff sustained injuries which she claims are a result of negligence on Light Acadia. Light Acadia filed a Motion for Summary Judgment on April 25, 2016. Oral argument on

1

the motion took place before the Honorable Senior Judge Peter O'Brien on July 6, 2016.

At the time of the incident in question, Defendant Grass Works Landscape Management, Inc. and Snow Removal, Inc. (hereinafter Grass Works) were retained to perform all ice and snow removal on the premises and make sure the premises was kept in a safe manner for pedestrians. Since snow and ice removal fell within the job description of Grass works, Plaintiff alleges her sustained injuries were a result of negligence on the part of Grass Works. Grass Works filed a Motion for Summary Judgment on April 13, 2016. Oral on the motion took place before the Honorable Senior Judge Peter O'Brien on July 6, 2016.

Argument as to Defendant Light Acadia

Light Acadia submits that they are entitled to Summary Judgment in the current matter base on two theories of the law. The first point Light Acadia points to is that they are removed from liability due to the Hills and Ridges Doctrine.

"The "hills and ridges" doctrine is a long standing and well entrenched legal principle that protects an owner or occupier of land from liability for generally slippery conditions resulting from ice and snow where the owner has not permitted the ice and snow to unreasonably accumulate in ridges or elevations. *Harmotta v. Bender*, 411 Pa.Super. 371, 601 A.2d 837 (1992). "The doctrine as defined and applied by the courts of Pennsylvania, is a refinement or clarification of the duty owed by a possessor of land and is applicable to a single type of dangerous condition, i.e., ice and snow." *Wentz v. Pennswood Apartments*, 359 Pa.Super. 1, 5,

2

518 A.2d 314, 316 (1986). The rationale for this doctrine has been explained as follows:

... to require that one's walks be always free of ice and snow would be to impose an impossible burden in view of the climatic conditions in this hemisphere." *Morin v. Traveler's Rest Motel, Inc.*, 704 A.2d 1085, 1087–88 (Pa. Super. Ct. 1997).

"The "hills and ridges" doctrine applies with equal force to both public and private spaces. *See Wentz, supra* (appellate courts of this Commonwealth apply the doctrine of hills and ridges not only to persons injured from falling on ice covered public walks or parking areas but to situations in which business invitees have fallen on ice covered private parking areas and walks as well). In order to recover for a fall on an ice or snow covered surface, therefore, a plaintiff is required to prove: (1) that snow and ice had accumulated on the sidewalk in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians travelling thereon; (2) that the property owner had notice, either actual or constructive, of the existence of such condition; (3) that it was the dangerous accumulation of snow and ice which caused the plaintiff to fall." *Rinaldi v. Levine*, 406 Pa. 74, 78, 176 A.2d 623, 625 (1962). *Accord Harmotta*, 411 Pa.Super. at 378-79, 601 A.2d at 841; *Wentz*, 359 Pa.Super. at 5, 518 A.2d at 316.

In the present case the Plaintiff fails to set out a factual scenario to meet the three elements necessary to overcome the hills and ridges doctrine. There is no allegation made that Light Acadia had actual or constructive notice of the condition of the parking lot on the morning in question. Further, the Plaintiff during her deposition stated that when she fell she could not see any ice and only knew of its

3

existence because it was slippery to the touch. This clearly is not a dangerous accumulation but instead the scenario that the hills and ridges doctrine was implemented to protect landowners from.

The Plaintiff sites to two (2) cases in their favor. The first case, _Bacsick v. Barnes_ is a Pennsylvania Supreme Court decision. In _Bacsick_, the Pennsylvania Supreme Court held that the hills and ridges doctrine was not applicable where the plaintiff fell on a snow bank that was of "artificial origin" in that is was deposited from street plowing. _Bacsick v. Barnes_, 341 A.2d 157, 160 (1975). The second case, _Harvey v. Rouse Chamberlin, Ltd._, is a Pennsylvania Superior Court case. In _Harvey_, the court held that because the black ice forming the dangerous condition at issue was the result of recent snow removal, the hills and ridges doctrine did not apply. _Harvey v. Rouse Chamberlin, Ltd._, 901 A.2d 523, 527 (Pa. Super). However, these cases are distinguishable from the Plaintiff's case in that there is no allegation that any snow was present or had been removed on the morning of January 17, 2012 from the parking lot in question.

The second theory that Light Acadia submits as a reason they are entitled to Summary Judgment is that they are a landlord out of possession.

A lease dated November 30, 2005 leased the shopping center owned by Light Acadia to Mark Four Realty, LP. The lease provides that, in consideration for rents paid, Mark Four Realty leased the shopping center along with "all rights, interests, estates, and appurtences." _See: Amended and Restated Grounds Lease_ at Defense exhibit "D". Further, the terms of the lease called for Mark Four Realty to be solely responsible for "all repairs to the shopping center, including the interior

4

and exterior, structural and nonstructural, ordinary and extraordinary, foreseen and unforeseen." *Id*.

As a general rule, a landlord out of possession is not liable for injuries incurred by third parties on the leased premises because the landlord has no duty to such persons. *Dorsey v. Continental Associates*, 404 Pa.Super. 525, 591 A.2d 716, 718 (1991); *Kobylinski v. Hipps*, 359 Pa.Super. 549, 519 A.2d 488, 491 (1986); *Henze v. Texaco, Inc.*, 352 Pa.Super. 538, 508 A.2d 1200, 1202 (1986) (citing, *inter alia*, Restatement (Second) of Torts § 356 (1965)). This general rule is based on the legal view of a lease transaction as the equivalent of a sale of the land for the term of the lease. *Deeter v. Dull Corporation, Inc.*, 420 Pa.Super. 576, 617 A.2d 336, 339 (1992). *Jones v. Levin*, 2007 PA Super 412, 7, 940 A.2d 451, 454 (2007).

It is clear to this Court Light Acadia was a landlord out of possession by the terms highlighted above from the contract between Light Acadia and Mark Four Realty. Further, Mark Four Realty subsequently hired Lighthouse Group, LLC., (hereinafter Lighthouse) to manage the shopping center. Lighthouse then hired Grass Works to remove all snow from the shopping center grounds. As such, it is apparent Light Acadia retained no control over the premises.

The Plaintiff mentions the argument of retained control over common areas as a reason to deny summary judgment. "There are a number of exceptions to the general rule of non-liability of a landlord out of possession, one of which is particularly relevant in the instant case: the landlord may be liable if he or she has reserved control over a defective portion of the leased premises or over a portion of the leased premises which is necessary to the safe use of the property (the "reserved

5

control" exception). _Deeter, supra_ at 339; _Smith v. M.P.W. Realty Company, Inc._, 423 Pa. 536, 539, 225 A.2d 227, 229 (1967); _Dorsey, supra_ at 718; _Henze, supra_ at 1202–03; Restatement (Second) of Torts § 361. The reserved control exception is most clearly applicable to cases involving "common areas" such as shared steps or hallways in buildings leased to multiple tenants. _See Pagano v. Redevelopment Authority of Philadelphia_, 249 Pa.Super. 303, 376 A.2d 999, 1007 (1977); _see also Dorsey, supra_ at 720. _Jones v. Levin_, 2007 PA Super 412, 940 A.2d 451, 454 (2007). However, the Plaintiff points to no facts in the record presenting a case for retained control by Light Acadia.

Conclusion

Therefore, looking at everything in the light most favorable to the Plaintiff, Light Acadia was a landlord out of possession at the time of the Defendant's fall as well as protected by the hills and ridges doctrine. As such, the Defendant Light Acadia's Motion for Summary Judgment is GRANTED and the case against them is dismissed with prejudice.

Argument as to Grass Works Landscape Management, Inc., and Snow Management, Inc.

Defendant Grass works also submits to the Court that they are entitled to Summary Judgment because of the hills and ridges doctrine. As stated above "The "hills and ridges" doctrine is a long standing and well entrenched legal principle that protects an owner or occupier of land from liability for generally slippery conditions resulting from ice and snow where the owner has not permitted the ice and snow to

6

unreasonably accumulate in ridges or elevations. *Harmotta v. Bender*, 411 Pa.Super. 371, 601 A.2d 837 (1992). "The doctrine as defined and applied by the courts of Pennsylvania, is a refinement or clarification of the duty owed by a possessor of land and is applicable to a single type of dangerous condition, i.e., ice and snow." *Wentz v. Pennswood Apartments*, 359 Pa.Super. 1, 5, 518 A.2d 314, 316 (1986). The rationale for this doctrine has been explained as follows: .... to require that one's walks be always free of ice and snow would be to impose an impossible burden in view of the climatic conditions in this hemisphere."*Morin v. Traveler's Rest Motel, Inc.*, 704 A.2d 1085, 1087–88 (Pa. Super. Ct. 1997).

"The "hills and ridges" doctrine applies with equal force to both public and private spaces. *See Wentz, supra* (appellate courts of this Commonwealth apply the doctrine of hills and ridges not only to persons injured from falling on ice covered public walks or parking areas but to situations in which business invitees have fallen on ice covered private parking areas and walks as well). In order to recover for a fall on an ice or snow covered surface, therefore, a plaintiff is required to prove: (1) that snow and ice had accumulated on the sidewalk in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians travelling thereon; (2) that the property owner had notice, either actual or constructive, of the existence of such condition; (3) that it was the dangerous accumulation of snow and ice which caused the plaintiff to fall." *Rinaldi v. Levine*, 406 Pa. 74, 78, 176 A.2d 623, 625 (1962). *Accord Harmotta*, 411 Pa.Super. at 378-79, 601 A.2d at 841; *Wentz*, 359 Pa.Super. at 5, 518 A.2d at 316.

7

Grass Works has submitted certified weather records showing an ongoing weather event in the area of the shopping center from the night of January 16, 2012 through the morning of January 17, 2017. *See:* Defense exhibit "C". Specifically, the records show light freezing rain from 1:00 a.m. on January 17, 2012 through 4:00 a.m. with a light drizzle through the morning hours. *Id.* The temperature ranged between 33 degrees and 35 degrees during this same time frame. *Id.* The National Weather Service issued a notice in the early morning hours of January 17, 2012 warning of up to a tenth of an inch of ice accumulation possible. *Id.*

Further, according to Grass Works records, which have been submitted as part of the record, the shopping center was inspected twice by a Grass Works supervisor and was salted between 4:29 a.m. and 6:28 a.m. and again between 8:32 a.m. and 9:55 a.m. Grass Works was actively treating the parking lot at the time the Plaintiff slipped. The Plaintiff admitted during her deposition what she saw Grass Works salting the area within thirty (30) minutes of her fall.

Conclusion

Therefore, looking at all evidence in the light most favorable to the Plaintiff it is apparent that Defendant Grass Works is protected by the hills and ridges doctrine because they were actively treating a weather event when the Plaintiff slipped. As such, Grass Works Motion for Summary Judgment is GRANTED and the case against them is dismissed with prejudice.

BY THE COURT

J

8